proof in a children's case wherein the child is charged with an act which may result in incarceration. In light of this rule change, and since we are reversing on other grounds, we need not decide whether the reasonable doubt standard was applied in this case.

Finally, appellant argues he was denied bail pending appeal. This issue has been rendered moot by an order dated September 28, 1970, by which we released John Doe from custody of the detention home to the temporary custody of his parents, pending the final determination of this appeal. Similarly, the issue raised as to the severity of the dispositive order has been rendered moot by our reversal of the adjudication of delinquency.

Reversed and remanded.

pellant's liberty being the result of a governor's warrant for arrest and extradition to Nevada. Appellant challenges the competency of the evidence adduced below to identify him as the person sought by the Nevada authorities.

A review of the record below convinces us that the appellant's contentions are without merit and that there is sufficient evidence as to his identity to permit extradition herein. Therefore, the order of the superior court is affirmed.

DIMOND, J., not participating.

William J. WARREN, Appellant,

v.

STATE of Alaska, Appellee.

No. 1470.

Supreme Court of Alaska.

July 29, 1971.

In the Matter of the ESTATE of Wendell A. GREGORY, Deceased.

Claire L. THOMSON, Administrator, and Lora Gregory Ford, Widow and former Administratrix, Appellants,

v.

Robert M. GREGORY, Guardian ad Litem, Appellee.

No. 1164.

Supreme Court of Alaska.

July 14, 1971.

Jay Hodges, Curran & Hodges, Fairbanks, for appellant.

John E. Havelock, Atty. Gen., Juneau, Monroe M. Clayton, Dist. Atty., Fairbanks, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

OPINION

PER CURIAM.

This is an appeal from an order of the superior court dismissing appellant's petition for habeas corpus, the restraint of ap-

